UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WESLEY J. CRAWFORD,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 11-752 (MJD/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915.  (Docket No. 2.)  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.   For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

Plaintiff, an inmate at the Federal Correctional Institution at Sandstone, Minnesota, commenced this action by filing a pleading entitled "Civil Complaint for Declaratory Judgment."  (Docket No. 1.)  He did not pay the $350.00 filing fee prescribed by 28 U.S.C. § 1914(a), but instead submitted the application for IFP status that is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA").  This means, inter alia, that he is required to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).   In this case, Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $108.21.

By order dated April 5, 2011, (Docket No. 3), Plaintiff was instructed to pay his

initial partial filing fee of $108.21 within twenty days. The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline for paying the initial partial filing fee in this case has now passed, and Plaintiff has not tendered any fee payment, nor has he offered any excuse for his failure to do so. Therefore, in accordance with the Court's prior order in this case, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").[1]

Finally, the Court notes that Plaintiff has also filed a "Motion for Summary

---

[1] As noted in the Court's prior order, this case was destined for summary dismissal in any event, because Plaintiff was seeking a judgment that would expedite his release from prison, and such relief is not attainable by filing a civil complaint in federal court. Preiser v. Rodriguez, 411 U.S. 475 (1973); Heck v. Humphrey, 512 U.S. 477 (1994).

Judgment," (Docket No. 4), and a "Motion for Bail Under Personal Recognizance," (Docket No. 5). Having determined that this action should be summarily dismissed for the reasons cited above, the Court will further recommend that Plaintiff's pending motions be summarily denied.

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's "Motion for Summary Judgment," (Docket No. 4), be **DENIED**;

3. Plaintiff's "Motion for Bail Under Personal Recognizance," (Docket No. 5), be **DENIED**; and

4. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: June 8, 2011                    s/ *Jeanne J. Graham*
                                       JEANNE J. GRAHAM
                                       United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 24, 2011**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words.  The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.